Richard Doren COLLINS, Petitioner–Appellant,

v.

Lou HESSE; Gale A. Norton, Attorney General, Respondents–Appellees.

No. 91–1300.

United States Court of Appeals, Tenth Circuit.

Feb. 18, 1992.

Richard Doren Collins, pro se.

Robert Mark Russel, Asst. Atty. Gen., State of Colo., Denver, Colo., for respondents-appellees.

Before LOGAN, BARRETT and EBEL, Circuit Judges.*

EBEL, Circuit Judge.

This appeal addresses whether a prisoner can raise a habeas corpus challenge to a conviction, the sentence for which has been fully served, when that conviction has been used to enhance the sentence for a subsequent conviction which the prisoner is currently serving. We answer this question affirmatively.

The Petitioner, Richard Doren Collins, challenges the constitutionality of four convictions in the Colorado District Court of Mesa County. Collins admits that he has finished serving the sentences from these convictions. However, he is currently serving three consecutive life sentences imposed by the Colorado District Court of Jefferson County for habitual criminality which, he alleges, were enhanced by the prior Mesa County convictions.

The magistrate recommended denial of Collins' habeas petition based on *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam). The government argued, and the magistrate agreed, that *Maleng*'s interpretation of the "in custody" requirement for habeas jurisdiction precluded review of a conviction for which the sentence has expired. The district court disagreed with the magistrate, holding that a prisoner who is in custody on a repeat offender sentence that is based upon a prior conviction can attack the prior conviction, even though the sentence on the prior conviction has been fully satisfied. We agree with the district court's reading of *Maleng*. However, the district court went on to hold that Collins had not adequately demonstrated that his habitual criminality convictions in Jefferson County had in fact been enhanced by the prior Mesa County convictions. Accordingly, the district court denied Collins' petition and dismissed his habeas action without prejudice. In this regard, we disagree with the district court.

Although the Supreme Court in *Maleng* expressly reserved the issue of whether a prisoner can attack his current sentence by challenging the constitutionality of an earlier, fully satisfied conviction if the earlier conviction was used to enhance his current sentence, *id.* at 494, 109 S.Ct. at 1927, we answered that question affirmatively in *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990). Our conclusion in *Gamble* follows from the result in *Maleng* because there "[t]he Court allowed the defendant to continue with his habeas action after construing it to be directed at his existing [second] sentence, even though the ultimate question raised was the constitutionality of the prior conviction that was used to enhance the existing sentence." *Id.* at 118. *Maleng* stated that an expired conviction cannot be attacked "merely because of the possibility that the prior [expired] conviction will be used to enhance the sentences imposed for any subsequent crimes of which [the petitioner] is convicted." 490 U.S. at 492, 109

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

S.Ct. at 1926. However, when the possibility has come to pass and a petitioner's present incarceration is based in part upon an earlier conviction, the "in custody" requirement is satisfied such that the prior conviction may be challenged in a habeas action. *Gamble*, 898 F.2d at 118.

At least two other circuits have approved of *Gamble*'s reading of *Maleng*. *See Allen v. Collins*, 924 F.2d 88, 89 (5th Cir.1991); *Battle v. Thomas*, 923 F.2d 165, 166 & n. 8 (11th Cir.1991); *see also United States v. Clark*, 735 F.Supp. 861, 864–65 & n. 3 (N.D.Ill.1990). At least four additional circuits have reached the same conclusion as *Gamble* regarding the meaning of *Maleng*. *See Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir.1990) (citing *Lowery v. Young*, 887 F.2d 1309, 1312–13 (7th Cir. 1989)), *cert. denied,* —— U.S. ——, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991); *Feldman v. Perrill*, 902 F.2d 1445, 1448–49 (9th Cir. 1990); *Clark v. Pennsylvania*, 892 F.2d 1142, 1143 n. 2 (3d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990); *Taylor v. Armontrout*, 877 F.2d 726, 727 (8th Cir.1989) (per curiam). We are aware of no circuit that has disagreed with *Gamble*'s reading of *Maleng*.

█ Thus, the district court was correct that it had jurisdiction under 28 U.S.C. § 2241(c)(3) to review Collins' Mesa County convictions if they were used to enhance his current Jefferson County sentences. Additionally, the district court correctly noted that a *pro se* petition should be construed liberally, and because Collins was allegedly incarcerated on an enhanced sentence it was appropriate to construe his habeas action as challenging his present confinement even though the essence of his attack was the alleged unconstitutionality of the prior predicate convictions. *See Gamble*, 898 F.2d at 118.

█ We disagree, however, with the district court's conclusion that Collins failed to establish that his current sentence was en-

hanced by the Mesa County convictions. The district court held Collins to a more stringent standard of proof than the one that we established in *Gamble*. The district court indicated that Collins must "show[ ] the manner in which [and] the extent to which the Mesa County convictions affected the sentences which [he] is now serving." Record, vol. I, doc. 34 at 2. *Gamble*, however, does not require a specific showing of manner or extent; it only requires that a petitioner "ma[k]e clear that his current sentence ha[s] been enhanced by the expired conviction that he [seeks] to challenge." 898 F.2d at 118. In other words, a petitioner only needs to show that if he prevails in challenging his prior expired conviction, the sentence that he is currently serving will be reduced.

Admittedly, there is nothing from Collins' Jefferson County proceedings in the record before the district court and, hence, there is no direct documentation of the nexus between Collins' Mesa County convictions and his current sentence (e.g., a charging or sentencing document). However, after Collins was sentenced in Jefferson County he returned to the Mesa County district court on a motion to vacate his Mesa County convictions. In those proceedings, both Collins and the government acknowledged that the Mesa Convictions were used to enhance the Jefferson County sentences. The government attorney admitted, at least implicitly, that the Mesa County conviction was a predicate for the subsequent sentence enhancement. Record, vol. II, Hearing Transcript (Oct. 30, 1987) at 25 ("[O]nly after a sentence enhancement [in Jefferson County] does [Collins] decide to come back and attack the predicate [Mesa County] pleas.").[1] In the same hearing, Collins testified as follows:

Q: [by counsel]: Mr. Collins, were you convicted in Jefferson County?

A: [by Collins]: Yes, sir.

---

1. It is unclear from the record whether Collins attacked his Mesa County pleas prior to his Jefferson County sentences. However, at the October 30, 1987 hearing on his motion to va-

cate the Mesa County pleas, it was apparent that at least one of the objectives of his motion to vacate was to reduce his Jefferson County habitual criminal sentences.

Q: Did these convictions that we are talking about here today, 1982 in Mesa County, play any part?

A: Yes, they did. They used them to give me the habitual criminal.

Q: Currently, what sentences are you serving?

A: A 20 to life, 20 to life and 40 to life, all habitual criminals pertaining to this case.

*Id.* at 8. The court clarified:

THE COURT: Is it correct, Mr. Greer, that except for the sentence imposed in Jefferson County under the Habitual Criminal Act, Mr. Collins—well, not even except for those—Mr. Collins has completed all of the sentence arising out of these [Mesa County] cases and has finished parole?

MR. GREER [counsel for Collins]: Yes, he has.

THE COURT: So, the only way these convictions are adversely affecting him is they form the predicate for the habitual conviction?

MR. GREER: That's correct. He is doing three consecutive life sentences. If these [Mesa County] pleas were vacated he would still be sentenced on these prior [Jefferson County] felonies and still be incarcerated for some time to come, but he would be eligible for parole somewhere down the line.

*Id.* at 14–15. Finally, when Collins' attorney offered to gather further proof on the Jefferson County sentences, the court told him "I am satisfied with your representations about the Jefferson County case, counsel." *Id.* at 106.

The transcript of the Mesa County proceedings on the motion to vacate was before the district court in the present habeas action and is thus properly part of the record before us. Although that record is not as clear as it should be due to the absence of the Jefferson County records, it is sufficient under *Gamble* to sustain Collins' argument that he is serving a sentence

that was enhanced by his Mesa County convictions.[2]

Accordingly, we REVERSE the district court's denial of Collins' petition and dismissal of his action without prejudice on procedural grounds and REMAND for the district court to consider the validity of Collins' habeas petition.

---

**2.** Our conclusion is bolstered by the fact that the government has offered no proof to the con-

