977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry Raymond TAFOYA, Petitioner-Appellant,
v.
Frank GUNTHER, Executive Director of the Colorado Department
of Corrections, and Gale A. Norton, Attorney
General of the State of Colorado,
Respondents-Appellees.
 No. 92-1104.
 United States Court of Appeals, Tenth Circuit.
 Oct. 1, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's denial of habeas corpus relief. The Appellant is currently serving a life sentence for a 1981 conviction of first degree assault and possession of a weapon, under which he was sentenced as a habitual criminal. His appeal relates to a 1970 conviction for vehicular homicide that was the basis for the habitual criminal sentence. The Appellant asserts that, in the 1970 trial, he did not voluntarily waive his right to a jury trial or his right to remain silent and that because the records of that trial were lost in a fire, he was denied adequate post-conviction relief.
 
 
 3
 The Supreme Court held in Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam), that the collateral consequences of a fully expired sentence are not sufficient to render a petitioner "in custody" for purposes of a habeas petition attacking that conviction. However, this court has held that a petitioner may challenge a fully discharged conviction when he is attacking a later conviction for which he is presently incarcerated, when the fully discharged conviction was used to enhance the later sentence. Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992); Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.1990).
 
 
 4
 In the present case, the appellant challenges only his 1970 conviction. He is not presently incarcerated for that offense. However, we construe the petition with the deference he is entitled to as a pro se litigant and read it to challenge his 1981 conviction as enhanced by the 1970 conviction. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 5
 It is firmly established that habeas corpus relief is not available in the federal courts unless a petitioner has exhausted all of his state remedies. Granbury v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). But see Harris v. Champion, 938 F.2d 1062, 1065 (10th Cir.1991) (state exhaustion requirements excused where state appeals process involves "inordinate, excessive and inexcusable delay"). The district court relied on this principle in its denial of habeas relief because the Appellant was in the process of challenging the 1981 sentence in the state courts through a Rule 35 motion.
 
 
 6
 The Appellant objects to the district court reasoning and cites to the record of appeal of his 1970 conviction. It is true that the Appellant has exhausted his state appeals for his 1970 conviction. However, as noted earlier, because he is not currently incarcerated under that conviction, it is not subject to habeas corpus review. Rather, in order to review the petition we must construe it as relating to his 1981 conviction. The district court found that there was a review of case 80CR1290/88CA1556, the 1981 conviction, pending in the state courts. The Appellant has not contested this finding.
 
 
 7
 According to the rule laid out in Rose v. Lundy, the Appellant must exhaust available state court remedies for all claims presented in his habeas petition. Rose, 455 U.S. at 522. Therefore, we decline to review this habeas petition under the exhaustion doctrine. The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3