992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wayne TAYLOR, Petitioner-Appellant,
v.
Ron CHAMPION, et al., Respondents-Appellees.
 No. 92-5200.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 In 1987, Petitioner pleaded guilty in Oklahoma state court to a variety of sexual offenses, as well as to bribing a witness. In part because he had a prior felony conviction from the state of Florida (in which he pleaded nolo contendere), the court sentenced him to 40 years in prison. He did not appeal. Three years later, he filed a motion for post-conviction relief in the Oklahoma state district court, alleging that the enhancement of his sentence was improper because his Florida conviction was constitutionally infirm.
 
 
 3
 The Oklahoma court denied his motion, stating that those matters should have been raised on direct appeal of his sentence. The Oklahoma court of appeals affirmed. Having exhausted his state remedies, Petitioner sought a writ of habeas corpus from the federal district court. The district court held that the refusal of the Oklahoma courts to consider his argument based on his failure to appeal his original sentence constituted an adequate and independent state ground for decision. Petitioner brought this appeal.
 
 
 4
 Plaintiff argues that the Oklahoma courts failed to give a plain statement that the dismissal of his motion for post-conviction relief was based on a procedural default. This statement is patently false. The Oklahoma district court stated:
 
 
 5
 [T]he failure to file a timely direct appeal waives all issues which could have been raised on appeal unless a sufficient reason is given for the failure to do so. The Court finds that no appeal has been sought or perfected, nor has any sufficient reason been offered by the Petitioner for his failure to do so. Therefore, the Court finds that the Petitioner has waived these issues and his Application is denied.
 
 
 6
 (R.Doc. 5, Ex. C at 3) (citations omitted). Similarly, the Court of Criminal Appeals stated: "The issue [Petitioner] now raises could and should be raised in a direct appeal and [Petitioner] is therefore precluded from raising such issues in a post-conviction proceeding." (Id. Ex. E at 2.)
 
 
 7
 Petitioner next argues that he could not have brought a direct appeal in this case, because Oklahoma law required him to collaterally attack his prior conviction, rather than bringing a direct appeal. Petitioner misunderstands Oklahoma's law. As the state courts hearing his motion for post-conviction relief made clear, the issues he raises could and should have been raised on a direct appeal from his sentence. While they would have constituted a collateral attack on his Florida conviction, they would have arisen on direct appeal from this Oklahoma conviction. To the extent that Petitioner may be arguing that the Oklahoma courts arbitrarily failed to follow their own rules, we see nothing in the cases he cites that would support such a contention.
 
 
 8
 Petitioner argues that under Collins v. Hesse, 957 F.2d 746 (10th Cir.1992) and Gamble v. Parsons, 898 F.2d 117 (10th Cir.), cert. denied, 111 S.Ct. 212 (1990), the fact that the prior conviction is used to enhance his present sentence automatically entitles him to federal habeas review of the prior sentence. However, the district court was entirely correct in holding that while Collins and Gamble stand for the proposition that Petitioner is "in custody" under the prior conviction for purposes of habeas review, these cases do nothing to alter the rule that states procedural defaults may preclude federal habeas review. Collins and Gamble do not excuse Petitioner's unexplained failure to take a direct appeal from his sentence.
 
 
 9
 In the course of addressing Petitioner's arguments, the state courts ruled that he could potentially find relief in the Oklahoma courts, but only if he first secured post-judgment relief from his Florida conviction in the courts of that state. Petitioner argues that this requirement is unconstitutional because his efforts at post-conviction relief in the state of Florida are now time-barred. This argument is unavailing. By failing to challenge his Florida conviction in a timely manner in the courts of that state, he has waived his right to do so under the laws of the states of Florida and Oklahoma. We see no constitutional requirement that Petitioner be given unlimited time to pursue his challenge to his Florida conviction.
 
 
 10
 Petitioner argues that the district court erred in allowing the state procedural default to bar federal review of his claims. He argues that federal law must control federal issues. Petitioner misunderstands the nature of federal habeas review. It is well established that absent either a miscarriage of justice or other unusual circumstances not alleged to be present here, state procedural defaults waive both state and federal review of the underlying constitutional claim. E.g. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). The miscarriage of justice doctrine is reserved for the most extraordinary cases. We find no error in the district court's determination that the failure to review Petitioner's federal claims would not result in a miscarriage of justice.
 
 
 11
 Finally, Petitioner argues that by not briefing each and every allegation that he made, the State of Oklahoma has conceded all points they did not address. We see no basis for a rule that would require this court to reverse correct rulings of the District Court just because the state has not briefed each and every point.
 
 
 12
 We AFFIRM the judgment of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3