9 F.3d 119
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe M. WEBB, Petitioner-Appellant,
v.
Jack COWLEY and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-7027.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Joe Webb filed an application for a writ of habeas corpus pursuant to 28 U.S.C. 2254 alleging inordinate delay regarding his state direct appeal in Oklahoma. The district court dismissed Mr. Webb's writ as moot in an order dated February 9, 1993, because Mr. Webb's own pleadings revealed that his appeal was heard by the Oklahoma Court of Criminal Appeals and his conviction was affirmed. We affirm the district court's dismissal of petitioner Webb's writ for failure to exhaust state remedies.
 
 
 3
 As an initial matter, it should be noted that this is not a case governed by our decision in Harris v. Champion, 938 F.2d 1062 (10th Cir.1991). In Harris, we excused a habeas corpus petitioner from exhausting his state court remedies where his state direct appeal was still pending and where the excessive and unjustified delay in his direct appeal was entirely attributable to the state. Id. at 1064-65. In contrast, petitioner Webb's direct criminal appeal has been heard and his conviction affirmed by the Oklahoma Court of Criminal Appeals. Mr. Webb is therefore not excused from exhausting his state court remedies.
 
 
 4
 Construing Mr. Webb's pro se petition liberally, Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992), he argues that numerous constitutional violations resulted from the inordinate delay he suffered below. However, Mr. Webb has failed to raise any of these claims before the appropriate Oklahoma state courts. The habeas corpus statute clearly provides that a writ "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. 2254(b). See Rose v. Lundy, 102 S.Ct. 1198, 1203 (1982). We therefore conclude that Mr. Webb's petition for writ of habeas corpus should be dismissed for failure to exhaust the remedies available in the courts of Oklahoma.
 
 
 5
 The district court's dismissal of the writ is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3