17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesus John HERNANDEZ, Petitioner-Appellant,
v.
William PERRILL, Warden; People of The State of Colorado,
Respondents-Appellees.
 No. 93-1340.
 United States Court of Appeals, Tenth Circuit.
 March 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Hernandez appeals from the dismissal of his habeas corpus petition in which he contends that an expired state conviction is invalid, yet being used to enhance his current federal sentence. The district court determined that Mr. Hernandez was unable to prove that a successful challenge to the expired conviction would reduce the sentence currently being served. See Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992).
 
 
 2
 Mr. Hernandez contends that this case should be resolved in accordance with Feldman v. Perrill, 902 F.2d 1445, 1449 (9th Cir.1990), in which the appellate court remanded to the district court to determine whether the Parole Commission relied upon the allegedly invalid conviction.
 
 
 3
 The magistrate judge determined that Mr. Hernandez could be released (and thereafter paroled) no earlier than August 3, 1994, due to a nonparolable CCE sentence. I R. doc. 15 at 4-5. August 3, 1994 is Mr. Hernandez's presumptive parole date from all of his other sentences. On motion for reconsideration of the district court's order, Mr. Hernandez attached a printout indicating that his parole eligibility date, which he claims is his scheduled release date from the CCE sentence, is actually July 30, 1994. I R. doc. 18 ex. C. Accordingly, Mr. Hernandez claims that the invalid state conviction results in prolonging his conviction past July 30, 1994, and that the district court should consider his challenge to the expired state conviction on the merits.
 
 
 4
 The district court denied Mr. Hernandez's motion for reconsideration in a summary order and the government has not addressed this argument on appeal. We therefore remand to the district court to resolve the matter of the apparently conflicting dates and proceed accordingly.
 
 
 5
 REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument