64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roland HEATH, Petitioner-Appellant,
v.
Frank O. GUNTER; Gale Norton, Attorney General of the State
of Colorado, Respondents-Appellees.
 No. 94-1189.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Roland Heath appeals from an order dismissing his 28 U.S.C. 2254 petition for a writ of habeas corpus. We affirm.
 
 
 3
 On February 18, 1983, petitioner was convicted of robbery and sentenced to six years' imprisonment plus one year parole. He completed serving the sentence in December 1988.
 
 
 4
 In 1986, petitioner was charged with two counts of aggravated robbery, one count of crime of violence, and five habitual criminal counts. He unsuccessfully challenged use of the 1983 robbery conviction to enhance the sentence, and was sentenced to life imprisonment.
 
 
 5
 On July 27, 1989, petitioner filed his first 2254 petition for a writ of habeas corpus in which he challenged the 1983 robbery conviction. The district court dismissed the petition without prejudice, holding petitioner had not yet exhausted state remedies and was no longer in custody on the challenged conviction.
 
 
 6
 Petitioner exhausted his state remedies and, in 1993, filed the present petition, again challenging the 1983 conviction. The district court adopted the magistrate judge's recommendation that the petition be dismissed on the ground that petitioner was no longer in custody under the 1983 conviction when he filed the petition. This appeal followed.
 
 
 7
 We questioned whether the appeal was timely under Fed. R.App. P. 4(a)(1). The final order from which the appeal was taken was filed on March 30, 1994. The time limit for filing the notice of appeal was thirty days after the date of entry of the order, or by April 29, 1994. Rule 4(a)(1). The notice of appeal was filed in the district court on May 2, 1994. However, documents submitted by respondents indicate that petitioner, an inmate confined in an institution, deposited his notice of appeal in the institution's internal mail system on April 26, 1994. Under Fed. R.App. P. 4(c), the notice of appeal was timely. Additionally, the envelope containing petitioner's notice of appeal was stamped "received" by the district court clerk's office on April 29, 1994. Receipt of a notice of appeal by the clerk suffices to meet the filing requirement even though the notice has not yet been formally filed. Houston v. Lack, 487 U.S. 266, 273 (1988). We have jurisdiction of the appeal.
 
 
 8
 For the district court to have jurisdiction over a 2254 petition, the petitioner must be in custody under the conviction he is attacking when the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Maleng held that a habeas petitioner does not remain in custody under a conviction after the sentence imposed for it has expired, merely because of the possibility that the prior conviction will be used to enhance the sentence for any subsequent conviction. Id. at 492. See Garlotte v. Fordice, 115 S.Ct. 1948, 1951 (1995). The Court, however, indicated that a conviction underlying an expired sentence could be challenged in a collateral attack on a subsequent sentence that the expired sentence was used to enhance. Maleng, 490 U.S. at 493-94; Garlotte, 115 S.Ct. at 1952 n. 4.
 
 
 9
 We interpreted Maleng as permitting a habeas petitioner to raise the unconstitutionality of a prior conviction, under which he no longer is in custody, by attacking the sentence under which he currently is in custody. However, the latter sentence must have been enhanced by the prior expired conviction. Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, 498 U.S. 879 (1990). Even if the essence of the attack is on the expired conviction, we may liberally construe a habeas action as challenging the present confinement if it has been enhanced by the expired conviction. Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992). However, to establish that his current sentence has been enhanced by the prior conviction he seeks to challenge, a petitioner must show that "if he prevails in challenging his prior expired conviction, the sentence that he is currently serving will be reduced." Id.
 
 
 10
 Respondents asserted, and petitioner has not denied in this appeal, that the 1983 conviction was only one of five prior felony convictions used to enhance the sentence petitioner currently is serving. Colorado Rev. Stat. 16-13-101(2) (1986), under which the habitual sentence was imposed, required only three felony convictions to impose a life sentence. Thus, even if petitioner were to prevail in his challenge to the 1983 conviction, the sentence under which he is currently serving would not be reduced. Consequently, we do not construe his petition as attacking his present sentence.
 
 
 11
 Petitioner contends that he should be considered in custody under the 1983 conviction because of the collateral consequences he suffers as a result of the conviction. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968), recognized that, due to collateral consequences caused by a conviction, a petitioner should be able to challenge a conviction even though he is released from custody before his habeas petition is finally adjudicated. However, the Court later explained that the petitioner satisfied the in custody requirement in Carafas not because of the collateral consequences of his conviction but rather because he had been in custody when he filed the petition. Maleng, 490 U.S. at 492; Carafas, 391 U.S. at 236. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. The collateral consequences of petitioner's 1983 conviction are an insufficient basis to find he was in custody under that conviction.
 
 
 12
 Finally, petitioner requests that we carve an exception to the in custody requirement because his 1983 sentence expired before it could be attacked due to state court delay in adjudicating challenges to the conviction. Petitioner provides no authority for this argument. We therefore reject it.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470