65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy Joe TURNER, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6353.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Tommy Joe Turner appeals from the district court's order denying Turner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. Turner's original habeas application challenged a 1988 conviction for possession of cocaine. Respondents moved to dismiss the case, contending that Turner was no longer in custody on the challenged conviction, as required by 28 U.S.C. 2254(a). Turner responded that he could challenge the 1988 conviction because it was used to enhance a 1990 conviction for which he was scheduled to serve a life sentence, citing Collins v. Hesse, 957 F.2d 746 (10th Cir.1992). Respondents filed their own reply, contending that, even if Turner was in custody, he plead guilty to the charges underlying the 1990 conviction, including the sentence enhancement for the 1988 conviction, and had thereby waived any collateral attack on the prior conviction. See Long v. McCotter, 792 F.2d 1338, 1342 (5th Cir.1986).
 
 
 3
 The magistrate judge issued his report and recommendation, construing Turner's habeas corpus petition as a challenge to his 1990 conviction "as improperly enhanced by his [1988] conviction."[2] Based on Turner's guilty plea in the 1990 case, the court noted its limited review in light of the resulting waiver of any collateral attack on Turner's prior conviction. The court reviewed the record and held that Turner's 1990 plea was entered voluntarily, knowingly, and intelligently. On that basis, the magistrate judge recommended denying Turner's habeas application. Turner filed his objections to the report and recommendation. The district court adopted the magistrate judge's recommendation and dismissed the petition for habeas corpus following its de novo review of the case, including Turner's objections. Judgment was entered and Turner timely appealed.
 
 
 4
 Our jurisdiction arises from 28 U.S.C. 2253. In our examination of the district court's order, we review Turner's contentions of legal error de novo. See Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993). As Turner proceeded pro se before the district court, we construe those pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). After our careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order dated September 14, 1994, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Appellant has since filed a motion to present new evidence on appeal. The motion states that he is now serving the life sentence from his 1990 conviction for unlawful distribution of cocaine after former conviction of a felony. Appellant's motion is granted