82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie D. ALEXANDER, Petitioner-Appellant,
v.
Manfred F. MAASS. Respondent-Appellee.
 No. 94-35324.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1995.*
Decided April 8, 1996.
 
 1
 Before: HUG, Chief Judge, GOODWIN, Circuit Judge, and SCHWARZER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 BACKGROUND
 
 3
 In 1985, Willie D. Alexander was convicted by an Oregon Circuit Court of possessing a firearm as an exconvict in violation of Or.Rev.Stat. § 166.270(1). He appealed his conviction to the Oregon Court of Appeals, which affirmed. State v. Alexander, 78 Or.App. 322, 717 P.2d 668 (1986). He then filed a petition for state post-conviction relief, which the Oregon Circuit Court denied. The Oregon Court of Appeals affirmed, Alexander v. Maass, 107 Or.App. 783, 813 P.2d 1139 (1991), and the Oregon Supreme Court denied review, 312 Or. 150, 817 P.2d 757 (1991).
 
 
 4
 Having exhausted his state remedies, Alexander filed a petition for habeas corpus relief in the district court under 28 U.S.C. § 2254, asserting ineffective assistance of trial and appellate counsel. The district court granted respondent's motion to dismiss the petition on the merits, and Alexander appeals.
 
 
 5
 Because Alexander was no longer in custody for the 1985 conviction when he filed his petition for habeas relief, we have raised the issue of subject matter jurisdiction sua sponte and have directed the parties to file supplemental briefs on the issue.
 
 DISCUSSION
 
 6
 Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus ... only on the ground that [the applicant] is in custody in violation of the Constitution or the laws or treaties of the United States." See also 28 U.S.C. § 2241(c)(3). It is undisputed that Alexander is no longer in custody for the conviction he challenges. He remains in custody, however, for the subsequent convictions of robbery, assault, and unauthorized use of a motor vehicle. Whether subject matter jurisdiction exists, depends on whether the challenged 1985 conviction enhanced the sentences for the subsequent convictions.
 
 
 7
 In Maleng v. Cook, 490 U.S. 488, 491 (1989), the Supreme Court held that a habeas petitioner shall not be considered to "be 'in custody' under a conviction whose sentence has fully expired ... simply because that conviction has been used to enhance the length of a current or future sentence ... for a subsequent conviction." The Court limited its holding, however, to the narrow question whether petitioner is "in custody" for the expired conviction and "express[ed] no view on the extent to which the [expired] conviction itself may be subject to challenge in the attack upon the [current or future] sentences which it was [actually] used to enhance." Id. at 494 (emphasis in original). This court interpreted Maleng to permit federal courts to "retain jurisdiction by liberally construing [a petition challenging an expired conviction] as an attack on [a subsequent] conviction, as enhanced by the allegedly illegal [expired] conviction." Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990); see also Brock v. Weston, 31 F.3d 887, 890 (9th Cir.1994). The question before us is whether the state sentencing court or the Oregon Parole Board relied on the 1985 conviction to enhance Alexander's sentence.
 
 
 8
 On appeal, Alexander submitted the presentence investigation report (PSI) (dated December 8, 1988) for his current sentence, which assesses his criminal risk as "poor." This score was based on having been convicted of four or more felonies. The criminal history summary in the PSI lists a total of six prior felony convictions: a 1983 conviction for robbery; the challenged 1985 conviction for assault, resisting arrest, and possessing a firearm as an exconvict; a 1986 conviction for robbery and assault, counted as two felonies; and an additional 1986 conviction for assault and robbery, also counted as two felonies. Accordingly, although the 1985 conviction is listed in the PSI, it did not enhance the sentence. That is, even without it, Alexander would have had four or more prior felony convictions, fallen within the same risk assessment category, and received the same "poor" rating. Thus, Alexander's current sentence was not "enhanced" by the challenged 1985 conviction.[1] See Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992) ("... a petitioner ... needs to show that if he prevails in challenging his prior expired conviction, the sentence that he is currently serving will be reduced.").
 
 
 9
 We conclude that Alexander was not "in custody" under the 1985 conviction for the purpose of § 2254 and affirm the dismissal of the petition for lack of jurisdiction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alexander also submitted a PSI prepared in connection with his second 1986 assault/robbery conviction, for which he was given a "fair" criminal history risk assessment score. However, that PSI does not affect his case here, because the challenged sentence was imposed in 1988, by which time his record of felonies had grown to five, excluding the challenged conviction, and the other factors weighed into the risk assessment (e.g., age, number of prior incarcerations, and substance abuse problems) were no longer the same as in 1986