**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL JEFFRIES,

    Petitioner-Appellant,

v.

STEVE HARGETT,

    Respondent-Appellee.

No. 97-6229
(D.C. No. 97-CV-580)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Michael Jeffries, appearing pro se, requests a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2254. This court will

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). We deny the request and dismiss the appeal.

Jeffries pleaded guilty to armed robbery after conviction of two or more felonies in 1988 and was sentenced to life imprisonment.[1] Jeffries failed to withdraw his guilty plea within the ten-day period allowed by Oklahoma law, but on May 16, 1988, he filed a request to withdraw his guilty plea, which was denied. On October 12, 1990, he sought review from the Oklahoma Court of Criminal Appeals, arguing the district court failed to inquire into the factual basis for his guilty plea and imposed an excessive sentence, which was denied. Jeffries filed a second request for review, arguing the information charging him with armed robbery was insufficient to establish subject matter jurisdiction and that he was denied effective assistance of counsel at trial and on appeal. The Oklahoma Court of Criminal Appeals rejected his claims and affirmed the district court's decision to deny post-conviction relief.

---

[1] Jeffries pleaded guilty to two counts of second-degree burglary in October 1984, to concealing stolen property in February 1985, and to three counts of second-degree burglary in June 1985. He did not file a direct appeal from any of the convictions but, on May 28, 1996, he filed a request for an appeal out of time, arguing his prior convictions should be set aside because he was not advised he could withdraw his guilty plea or appeal. The state court denied his request, finding he had been advised of his rights. The Oklahoma Court of Criminal Appeals affirmed the denial.

Jeffries filed his § 2254 petition on April 17, 1997, contending he was not advised of his right to withdraw his guilty plea or to appeal and that he was denied due process by the court's denial of his request to appeal out of time. The district court adopted the magistrate's findings and recommendation and denied the petition. As a basis for issuing a certificate of appealability, Jeffries contends his constitutional rights were violated when his prior convictions were used to enhance his present sentence because he was not advised of his right to withdraw his guilty plea or to appeal his conviction.

**In-custody Requirement**

Jeffries argues his prior convictions used to enhance his sentence are invalid. He acknowledges the sentences for the prior convictions have expired and that he is no longer "in custody" for purposes of the prior convictions. Nevertheless, he argues he is entitled to relief based on the expired convictions because they were used to enhance the sentence he is presently serving.

A habeas petitioner may not directly challenge a conviction where the sentence has fully expired. Maleg v. Cook, 490 U.S. 488, 490-91 (1989). Despite the collateral consequences of such a prior conviction, such a petitioner is no longer "in custody" for purposes of federal law. Id. However, a petitioner may challenge an unexpired conviction where the sentence has been enhanced by a fully-expired conviction by attacking the constitutionality of the underlying fully-

expired conviction. <u>Gamble v. Parsons</u>, 898 F.2d 117, 118 (10th Cir. 1990). Such an indirect attack on an expired conviction is permissible despite the fact that a direct attack on the expired sentence is prohibited. <u>Id.</u> When a pro se petitioner attacks the validity of an expired sentence and that expired sentence has been used to enhance the conviction for which petitioner is then in custody, this court liberally construes the petition as an attack on the unexpired sentence. <u>See</u> <u>Collins v. Hesse</u>, 957 F.2d 746, 748 (10th Cir. 1992) (appropriate to liberally construe pro se petition "as challenging his present confinement even though the essence of his attack was the alleged unconstitutionality of the prior predicate convictions"). Because Jeffries' prior convictions were used to enhance his unexpired armed robbery conviction, Jeffries may challenge those prior convictions in his habeas petition.

**Failure to Exhaust State Remedies**

Although Jeffries is "in custody" for purposes of his armed robbery conviction and may therefore challenge the allegedly unconstitutional nature of his prior guilty pleas, he has not made such a challenge in state court. In state court, Jeffries has argued (1) the court committed error during the plea hearing in which he pleaded guilty to armed robbery; (2) he received an excessive sentence; (3) the information was insufficient to establish subject matter jurisdiction; and (4) he received ineffective assistance of counsel at trial and on appeal. Since

-4-

Jeffries has not presented the instant claim in state court, he has failed to exhaust his available state remedies. See 28 U.S.C. § 2254(b); Steele v. Young, 11 F.3d 1518, 1523 (10th Cir. 1993).

**Procedurally Barred**

"On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Id. at 1521 (citing Coleman v. Thompson, 501 U.S. 722 (1991)). Oklahoma law requires Jeffries to present his claim regarding invalidity of his prior convictions in his first request for post-conviction relief. See Okla. Stat. tit. 22, § 1086 (all possible grounds for relief must be raised in original application for post-conviction relief); see also Castro v. State, 880 P.2d 387, 388 (Okla. 1994). His sentence enhancement claim was defaulted in state court on an independent and adequate state procedural ground when he failed to include it in his first request for post-conviction relief. See Steele, 11 F.3d at 1522, 1524.

Moreover, Jeffries has failed to show cause for the default, or actual prejudice resulting from violation of federal law, or that the federal court's failure to review the claim will result in a fundamental miscarriage of justice. See id. at 1522. As the magistrate concluded, it was in Jeffries' best interests to plead guilty to the charges and obtain the benefit of the plea bargain. The "fundamental

-5-

miscarriage of justice" burden is satisfied when a petitioner produces facts that amount to a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Although Jeffries' sentence was enhanced on the basis of his underlying convictions, he has not even attempted to show he is factually innocent of those crimes.

### Claim Fails on the Merits

Even if Jeffries' claim was not procedurally barred, it would fail on the merits. It is clear from the face of each of the plea agreements that Jeffries was informed of his right to withdraw his guilty plea. After entering a guilty plea, the only issue that may be challenged by a habeas petitioner is whether the plea was entered knowingly and voluntarily. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). The record plainly reflects Jeffries knowingly and voluntarily entered guilty pleas to his prior convictions. Since his challenge to his armed robbery conviction is based on the validity of his prior convictions, he has not made a substantial showing of the denial of a constitutional right.

The certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge