**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN DEAN PETERS,

      Petitioner - Appellant,

v.

TIM LEMASTER, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 97-2254

(D. New Mexico)

(D.C. No. CIV-96-1065-JP)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Calvin Dean Peters, proceeding pro se, seeks a certificate of appealability so that he may appeal the dismissal of his 28 U.S.C. § 2254 habeas corpus petition, in which he challenges his 1980 conviction for kidnapping and criminal sexual penetration. We deny his request for a certificate of appealability and dismiss his appeal. We grant Mr. Peters' motion to file a supplemental brief, and we grant his motion to proceed on appeal *in forma pauperis*.[1]

## BACKGROUND

A criminal information charged Mr. Peters with kidnapping, attempted criminal sexual penetration, criminal sexual penetration, and robbery. The jury found him guilty of kidnapping and criminal sexual penetration, and he was sentenced to ten years' imprisonment. Mr. Peters has completed serving his sentence and is currently incarcerated on subsequent sentences following convictions in state and federal court for other sexual assaults, burglaries and other crimes. See United States v. Peters, No. 96-2286, 1998 WL 17750 (10th Cir. Jan. 20, 1998); State v. Peters, 944 P.2d 896 (N.M. Ct. App.), cert. denied, 942 P.2d 189 (N.M. 1997).

---

[1]The district court denied Mr. Peters' request for a certificate of appealability, but granted his motion to proceed on appeal *in forma pauperis* and ordered payment of a $5.00 filing fee. Because this is a habeas proceeding, the Prison Litigation Reform Act does not apply. See United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). Mr. Peters filed an *in forma pauperis* motion with this court.

## DISCUSSION

While the district court did not address this issue, and the State has filed no brief in this appeal, we have held that Maleng v. Cook, 490 U.S. 488, 491-92 (1989),

> "precludes a defendant from challenging a fully-expired conviction in isolation even though it may have potential collateral consequences in some future case. Further, even if the fully-expired conviction has, in fact, been used to enhance a subsequent sentence, it may not be attacked directly in a habeas action. Rather the attack must be directed toward the enhanced sentence under which the defendant is in custody. However, if the attack is so directed, the defendant may argue that his present sentence is improper because it has been enhanced by a prior, unconstitutional conviction."

Harvey v. Shillinger, 76 F.3d 1528, 1537 (10th Cir.), cert. denied, 117 S. Ct. 253 (1996) (quoting Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir. 1990)). In pleadings submitted to the district court, Mr. Peters alleged that his current sentences were enhanced because of his 1980 conviction. The State, in a pleading submitted to the district court, apparently conceded that his sentence in state court was enhanced because of the 1980 conviction. Response to Petitioner's Statement Regarding Requested Relief at 2, R. Vol. I, Tab 47. However, Mr. Peters does not directly challenge his current sentence in his appeal. As we have held, a petitioner claiming his current sentence was enhanced by a prior invalid conviction "must show that 'if he prevails in challenging his prior expired conviction, the sentence that he is currently serving will be reduced.'" Harvey,

-3-

76 F.3d at 1537 (quoting Collins v. Hesse, 957 F.2d 746, 748 (10th Cir. 1992).

Mr. Peters has made no such specific showing, and the record does not clarify how his current sentences were calculated. Thus, we could hold that we lack jurisdiction to hear this petition and dismiss it on that basis.

However, in light of Mr. Peters' pro se status, the State's concession of some kind of enhancement, and the lack of clarity in the record, we alternatively address the merits of his petition. Mr. Peters' habeas petition raises the following four issues: (1) whether his trial counsel in his 1980 trial was ineffective in failing to object to the amendment of the original criminal complaint to conform to the evidence; (2) whether his counsel was ineffective in failing to request, and failing to object to the lack of, a limiting instruction relating to the introduction of a prior conviction; (3) whether his appellate counsel was ineffective; and (4) whether the district court erred in not holding an evidentiary hearing, appointing counsel, and allowing discovery.

The district court, adopting the magistrate judge's findings and recommendation, rejected his first three arguments. We affirm, for substantially the reasons set forth in the magistrate judge's recommendation, as adopted by the district court. However, we note, additionally, that Mr. Peters' claim of ineffectiveness and prejudice in his first issue, arising out of the amendment of

count 2 of the complaint filed against him, is further undermined by the fact that he was acquitted of count 2.

Mr. Peters claims the district court erred in failing to grant him an evidentiary hearing, failing to appoint him counsel and failing to permit him to conduct discovery. We find no error.

A federal district court is required to hold an evidentiary hearing in a habeas case only when "the evidence sought to be introduced [is] material to the issue in question and [was] inadequately developed in state court for reasons not attributable to petitioner's inexcusable neglect." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1536 (10th Cir. 1994). We review the denial of an evidentiary hearing, if such a hearing is not mandatory, for abuse of discretion. Id. at 1535. We find no abuse in this case. Mr. Peters does not explain what evidence or material disputed factual issues he believes would be illuminated by an evidentiary hearing. His conclusory allegation of disputed facts or issues is insufficient.

We also reject Mr. Peters' argument that the district court erred in failing to appoint him counsel. "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." Swazo v. Wyoming Dep't of

<u>Corrections State Penitentiary Warden</u>, 23 F.3d 332, 333 (10th Cir. 1994). The district court did not abuse its discretion in failing to appoint counsel in this case.

Finally, we reject Mr. Peters' argument that the district court erred in not granting him discovery. We review a district court's discovery rulings for abuse of discretion. <u>Sprague v. Thorn Americas, Inc.</u>, 129 F.3d 1355, 1368 (10th Cir. 1997). We find no abuse here.

For the forgoing reasons, we DENY Mr. Peters' request for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge