**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD L. LARSON,

   Petitioner-Appellant,

v.

DONALD A. DORSEY, Warden, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

   Respondents-Appellees.

No. 98-2177
(D.C. No. CV 96-434 HB/LCS)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

  Petitioner Richard L. Larson appeals the district court's dismissal of his

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We

previously stated that

  "[a]lthough Larson's petition is far from a model of clarity, it
  appears to assert the following as grounds for granting habeas relief:

---

 [*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

(1) he was denied his right to due process during the process of reaching the letter agreement because the magistrate did not follow state statutes; (2) the letter agreement constituted punishment and the magistrate judge lacked subject matter jurisdiction to punish him; (3) his subsequent arrest for the same conduct that formed the basis of the letter agreement violated the letter agreement and was, therefore, illegal; (4) his subsequent punishment for the acts underlying the letter agreement constituted double jeopardy; and (5) his counsel was ineffective for failing to raise the issues set out above."

Larson v. Dorsey, No. 97-2215, at 3-4 (10th Cir. Jan. 29, 1998) (slip op.).

Although Larson admits that he filed two prior federal petitions seeking habeas corpus relief, he argues that this is his first habeas petition directed to the judgment of the New Mexico state magistrate court which he claims played some part in the process leading to the letter agreement. He asserts that his first two federal habeas petitions sought relief from the judgment of the New Mexico state district court in which he was ultimately convicted and sentenced. Accordingly, he claims that his present petition is effectively a first petition and is not subject to dismissal based on the doctrine of abuse of the writ. We reject this argument.

While Larson challenges the activities of the state magistrate judge regarding proceedings prior to the district court proceeding that led to his confinement, we have held previously that "[t]his challenge is clearly directed at a state court judgment pursuant to which Larson is in custody [the state district court judgment]." Larson, No. 97-2215, at 6. Larson's claims directed at the actions of the state magistrate judge are properly reviewed through a challenge to

- 2 -

the judgment of the state district court.  Cf. Collins v. Hesse, 957 F.2d 746,748 (10th Cir. 1992) ("[B]ecause Collins was allegedly incarcerated on an enhanced sentence it was appropriate to construe his habeas action as challenging his present confinement even though the essence of his attack was the alleged unconstitutionality of the prior predicate convictions.").  Larson filed two prior federal habeas petitions, but has never asserted the claims presented in this, his third, petition, nor has he demonstrated cause and prejudice or that a fundamental miscarriage of justice would occur if the claims are not considered.  See McCleskey v. Zant, 499 U.S. 467, 492-94 (1991).

The district court held that Larson's present petition is barred by the abuse-of-the-writ doctrine.  We agree and accordingly we deny his motion for a certificate of probable cause.[1]

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]Larson actually filed a motion for a certificate of appealability, however, because his petition for habeas corpus relief was filed on April 1, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act do not apply.  We consider his motion as a request for a certificate of probable cause and reject that motion.