**Willie Gene GAMBLE,
Petitioner–Appellant,**

v.

**Michael PARSONS, Warden, and Attorney General, State of Oklahoma, Respondents–Appellees.**

No. 89–6313.

United States Court of Appeals, Tenth Circuit.

March 12, 1990.

Willie Gene Gamble, petitioner-appellant, pro se.

Robert H. Henry, Atty. Gen., Elizabeth J. Bradford, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before MCKAY, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Appellant is an Oklahoma state prisoner who appears pro se seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 alleging that his present sentence was improperly enhanced by earlier convictions that were obtained against him as a result of involuntary and uninformed pleas of guilty. The sentences on all of the earlier convictions have been fully discharged. The matter is presently before the court on appellant's application for a certificate of probable cause pursuant to 28 U.S.C. § 2253. After carefully reviewing the record, we conclude that appellant has made a "substantial showing of the denial of a federal right" necessary for the issuance of a certificate of probable cause. *See Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

The district court dismissed appellant's petition on the basis of *Maleng v. Cook,* — U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), in which the Supreme Court held that when a sentence is fully expired, the collateral consequences of the conviction upon which the expired sentence was based are not sufficient to

---

render a petitioner "in custody" for purposes of a habeas petition attacking that conviction, even though such prior conviction may be used to enhance punishment for a later conviction under which the petitioner is presently incarcerated.

However, this court has observed that *Maleng* "left open the question of to what extent a petitioner may challenge an expired conviction in an attack on a conviction for which the petitioner *is* in custody, when the latter conviction has been enhanced by the prior one." *Waldon v. Cowley*, 880 F.2d 291, 292 n. 1 (10th Cir.1989). It is that question that we now address.

In *Maleng*, the "[r]espondent's petition listed the [expired] 1958 conviction as the conviction under attack,' alleging that it was invalid." *Maleng*, —— U.S. at ——, 109 S.Ct. at 1924. The Court concluded that Cook was not "in custody" under the expired 1958 conviction and thus he could not directly attack that conviction in a habeas petition. However, the Court went on to affirm the circuit court's ruling that the respondent was "in custody" under a 1978 state conviction which he had not yet begun to serve. *Id.* 109 S.Ct. at 1926. The Court construed the respondent's pro se habeas petition deferentially and concluded that "it can be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction." *Id.* 109 S.Ct. at 1926–27. As construed, the Court affirmed the court of appeals' decision which had ordered that the matter be remanded to the district court for a hearing on the merits of the habeas claim.

Although the Court in *Maleng* said "[w]e express no view on the extent to which the [fully discharged] conviction itself may be subject to challenge in the attack upon the [later] sentences which it was used to enhance," *id.* 109 S.Ct. at 1927, the effect of the decision suggested the appropriateness of such an attack. The Court allowed the defendant to continue with his habeas action after construing it to be directed at his existing sentence, even though the ultimate question raised was the constitutionality of the prior conviction that was used to enhance the existing sentence.

As we read *Maleng*, it precludes a defendant from challenging a fully-expired conviction in isolation even though it may have potential collateral consequences in some future case. Further, even if the fully-expired conviction has, in fact, been used to enhance a subsequent sentence, it may not be attacked directly in a habeas action. Rather, the attack must be directed toward the enhanced sentence under which the defendant is in custody. However, if the attack is so directed, the defendant may argue that his present sentence is improper because it has been enhanced by a prior, unconstitutional conviction.

This is the same reading of *Maleng* that has been given by the Third and Eighth Circuits, which are the only two other circuits to have considered the issue. *See Taylor v. Armontrout*, 877 F.2d 726, 727 (8th Cir.1989); *Clark v. Pennsylvania*, 892 F.2d 1142 (3d Cir.1989). In *Clark*, the Third Circuit said

> [i]n light of the Supreme Court's decision in *Maleng v. Cook*, ... [petitioner] now concedes that he is no longer in custody as a result of the [fully-served] convictions and, accordingly, admits that the district court does not have jurisdiction to consider the merits of those petitions. The reviewability of those convictions nonetheless remains before us, as discussed infra, because of their collateral enhancement consequences on the 1980 sentence [for which petitioner is "in custody"].

*Id.* at 1145.

Although appellant did not in his petition explicitly list his present sentence as the one under attack, in his "Traverse to Motion to Dismiss" he cited to *Maleng* and made clear that his current sentence had been enhanced by the expired conviction that he sought to challenge. R.Doc. 10 at 2. We believe appellant's habeas petition, when construed with the deference to which he is entitled as a pro se litigant, should be read as asserting a challenge to his present sentence to the extent that it has been enhanced by the allegedly invalid prior conviction. *See Maleng*, —— U.S. ——, 109 S.Ct. at 1927. As such, he satis-

fies the "in custody" requirement of 28 U.S.C. § 2254.

Therefore, we REVERSE the district court's dismissal of appellant's petition for habeas corpus and REMAND for further proceedings consistent with this opinion.