951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Ray WEAVER, Jr., Petitioner-Appellant,
v.
Larry FIELDS, Interim Warden, Attorney General of the State
of Oklahoma, Respondents-Appellees.
 No. 91-6262.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Weaver appeals, pro se, the denial of habeas relief.
 
 
 3
 Mr. Weaver, a state inmate, filed a pro se petition for habeas relief. As is so often true, the pro se petition is anything but clear. For example, at one point in his petition, Mr. Weaver states he is challenging two prior armed robbery convictions due to the fact that two different prior convictions were nullified and he would not have entered a guilty plea to these armed robbery convictions had he kwown the two prior convictions would be nullified. At another point in his petition, he asserts the trial court "lacked subject matter jurisdiction to attach and/or invoke the enhancement statute." The reader is left somewhat puzzled.
 
 
 4
 Mr. Weaver then filed a large number of exhibits with the trial court. It would appear from these exhibits that Mr. Weaver is serving a 135-year sentence for a state crime. Reading these exhibits in a liberal fashion, as we must as we view them as a portion of his pro se pleading, it appears Mr. Weaver is contending the two armed robbery convictions were used to enhance his present 135-year sentence and these two armed robbery convictions are constitutionally infirm.
 
 
 5
 The state filed a motion asserting Mr. Weaver was not "in custody" under the two armed robbery convictions challenged by Mr. Weaver. This issue was referred to the Magistrate Judge who agreed holding Mr. Weaver was not "in custody" under the two armed robbery convictions. The District Court approved this report.
 
 
 6
 It is apparent the Magistrate Judge failed to give Mr. Weaver's pro se complaint the required liberal construction. A petitioner may indirectly challenge a fully expired conviction by asserting a challenge to his present sentence to the extent that it has been enhanced by the alleged invalid prior conviction. Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, 111 S.Ct. 212 (1990). There can be no doubt a fair reading of Mr. Weaver's pro se pleadings in their entirety reveals he is challenging the use of two prior armed robbery convictions to enhance his present 135-year sentence.
 
 
 7
 There exists another facet to this case. Mr. Weaver has alleged he is in the process of maintaining a direct appeal of his present conviction in the Oklahoma courts. It thus appears Mr. Weaver has not exhausted his state remedies. The Magistrate Judge also rested his report and recommendation upon this fact. Federal courts will not ordinarily entertain a challenge to a state inmate's current conviction until the challenge has first been presented to the state courts for consideration. Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 8
 In response to the Magistrate Judge's report and recommendation, Mr. Weaver asserted he filed an appeal with the Oklahoma Court of Criminal Appeals which was summarily denied without addressing the merits of the issues raised therein. Mr. Weaver furthermore asserted the State of Oklahoma makes it impossible for him to attack collaterally the two armed robbery convictions. The state alleged Mr. Weaver's appeal of the conviction he is serving is still pending before the Oklahoma Court of Criminal Appeals. The District Court's order adopting the Magistrate Judge's report and recommendation is silent upon the determinative issue of whether Mr. Weaver has in fact exhausted his state remedies.
 
 
 9
 We have reviewed the record on appeal and find it impossible to determine whether Mr. Weaver has exhausted his state remedies. We recognize Mr. Weaver originally alleged he was in the process of a direct appeal of the instant conviction; yet his inartful pleadings also alleged he had unsuccessfully pursued post conviction relief. Pro se pleadings, such as those filed by Mr. Weaver, are a bane to every federal court and a cross that we all must bear. A district court should not hesitate to dismiss those pro se complaints that are frivolous or fail to state a claim. On the other hand, a district court must carefully scrutinize pro se pleadings to ascertain if any validity exists. Our inability to determine the issue of exhaustion requires our remand to the District Court.
 
 
 10
 We therefore vacate the judgment of the District Court and remand this case to the District Court. The District Court shall give to Mr. Weaver's habeas petition a liberal reading and shall then conduct such evidentiary proceeding as may be necessary to determine whether Mr. Weaver has exhausted his state remedies and whether a procedural default exists. The District Court shall then make such disposition as it deems proper.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3