982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roland HEATH, Petitioner-Appellant,
v.
John L. SIMONET; Denver District Court; Gale A. Norton,
Attorney General of the State of Colorado,
Respondents-Appellees.
 No. 92-1266.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1992.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Senior Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Roland Heath, appearing pro se, appeals from an order of the district court dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.
 
 
 3
 Heath is a state prisoner currently serving a life imprisonment sentence at the Limon Correctional Facility of the Colorado Department of Corrections.
 
 
 4
 In January, 1988, Heath was convicted of aggravated robbery in a state court proceeding, case number 86-CR-1716. On appeal, Heath argued that his conviction was void because his right to a speedy trial had been violated. The Colorado Court of Appeals rejected Heath's speedy trial argument but reversed on other grounds and remanded for a new trial.
 
 
 5
 In February, 1992, Heath, while awaiting a new trial in case number 86-CR-1716, filed the habeas corpus petition from which he here appeals, challenging his conviction in case number 86-CR-1716. Within his petition Heath alleged, as he had in state court, that his conviction was void because his right to a speedy trial had been violated. After filing his petition, Heath was convicted in case number 86-CR-1673 and sentenced to life imprisonment. On March 24, 1992, the State voluntarily dismissed the charges in 86-CR-1716.
 
 
 6
 Subsequent thereto, the district court dismissed Heath's habeas petition, finding that inasmuch as "[t]here is therefore no underlying conviction in this case which Petitioner can attack ..., the petition is consequently mooted." The court also observed that there was no indication that Heath's claims had been exhausted in the state courts.
 
 
 7
 On appeal, Heath contends that the district court erred in ruling that his claims were moot and in dismissing his petition without considering his allegations that he was denied his right to a speedy trial and deprived of his due process rights to be free from cruel and unusual punishment.
 
 
 8
 We grant Heath's motion to proceed in forma pauperis on appeal and affirm the district court's denial of a certificate of probable cause.
 
 
 9
 The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Maleng v. Cook, --- U.S. ----, 109 S.Ct. 1923, 1925 (1989). A habeas petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. Id. Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for purposes of a habeas challenge to the conviction. Maleng, --- U.S. ----, 109 S.Ct. at 1926.
 
 
 10
 Applying these standards to our case, we hold that the district court properly dismissed Heath's habeas corpus petition. Heath was clearly not in custody under the sentence or conviction under attack, case number 86-CR-1716, since it had been voluntarily dismissed by the State. Moreover, "even if the fully-expired conviction has, in fact, been used to enhance a subsequent sentence, it may not be attacked directly in a habeas action. Rather, the attack must be directed toward the enhanced sentence under which the defendant is in custody." Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, --- U.S. ---- (1990).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3