986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shelby L. TRUITT, Petitioner-Appellant,
v.
Steve HARGETT, and the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-6329.
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Shelby L. Truitt appeals the dismissal by the federal district court for the Western District of Oklahoma of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This is Mr. Truitt's second habeas petition. His first petition was dismissed on alternative grounds.[1] Mr. Truitt did not appeal that decision. Instead, he filed a second habeas petition alleging that he was denied his right to effective assistance of counsel and that the Oklahoma trial court lacked jurisdiction over his two prior convictions in Mississippi. The prior convictions were used to support an habitual offender charge. Because we conclude that Mr. Truitt's petition for habeas corpus constitutes a successive petition for which a hearing on the merits would not serve the ends of justice, Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), we affirm the district court's order dismissing his petition.
 
 
 3
 Mr. Truitt pled guilty to eight counts of robbery with firearms, after former conviction of a felony, and was sentenced to eight 60-year sentences of imprisonment to be served concurrently. He did not appeal his conviction, but subsequently sought post-conviction relief in state court. Relief was denied by the Oklahoma County District Court and affirmed by the Court of Criminal Appeals because Mr. Truitt's failure to directly appeal his conviction procedurally barred him from asserting issues he could have raised on direct appeal. Truitt v. Oklahoma County District Court, No. PC-89-7 (Jan. 6, 1988). Mr. Truitt filed his first federal habeas petition in which he challenged the two prior Mississippi convictions used as a basis for the habitual offender charge, and contended his counsel was ineffective for failing to raise the issue. See Truitt v. Saffle, CIV-89-204-W, at 2 (Sept. 6, 1989). The district court found that Mr. Truitt was procedurally barred from going forward with his petition. Nonetheless, the court also considered whether Mr. Truitt was entitled to relief on the merits. It thoroughly examined the proceedings below and concluded that Mr. Truitt knowingly and voluntarily pled guilty; that his counsel was not ineffective; and that the valid guilty plea to the robbery conviction in Oklahoma waived Mr. Truitt's right to attack the prior convictions supporting the habitual offender conviction.
 
 
 4
 In his second petition, the one on appeal before this court, Mr. Truitt alleges two grounds for relief: (1) his conviction and sentence violated the due process clause of the Fourteenth Amendment because of ineffective assistance of counsel, and (2) the state trial court lacked subject matter jurisdiction to sentence him as an habitual offender.
 
 
 5
 A subsequent writ of habeas corpus need not be considered if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963); see also 28 U.S.C. § 2244(b). Mr. Truitt seeks relief on grounds that were raised in his first petition, although worded slightly differently. See Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, Rule 9(b). In Ground 1 of the second petition, Mr. Truitt alleges he was denied effective assistance of counsel. This is substantially the same ground that he alleged in Ground 7 of his first petition, in which he complained that his counsel misled him into pleading guilty to the present enhanced sentence. In Mr. Truitt's second ground of his subsequent petition, he alleges the same grounds as in Ground 3 of his first petition: that the trial court lacked jurisdiction to sentence him as a habitual offender.
 
 
 6
 As noted above, and explained more fully in the Magistrate Judge's Report and Recommendation, Mr. Truitt's claims were considered on the merits in his first habeas action and denied. We disagree with Mr. Truitt's argument that two decisions rendered since he filed the first habeas, Maleng v. Cook, 490 U.S. 488, and Gamble v. Parsons, 898 F.2d 117 (10th Cir.), cert. denied, 111 S.Ct. 212 (1990), permit him to reargue the issue. Applying Maleng and Gamble would not change the analysis or outcome in the present case because the district court in Mr. Truitt's first habeas action did consider that his claim "challenges the validity of the prior convictions used to enhance his sentence." Truitt v. Saffle, CIV-89-204-W, at 9. Thus, the decision on the merits in the first habeas analyzed Mr. Truitt's claim similarly to the analyses in Maleng and Gamble.
 
 
 7
 Having determined that Mr. Truitt's petition is successive, we examine whether the "ends of justice" would be served by hearing his claims on the merits. The Supreme Court recently summarized its prior holdings involving a defendant's subsequent use of the habeas writ. In Herrara v. Collins, 61 U.S.L.W. 4108, 4111 (U.S. Jan. 25, 1993), the Court said "that a petitioner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitional claim considered on the merits if he makes a proper showing of actual innocence. This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitional errors do not result in the incarceration of innocent persons." See also McClesky v. Zant, 111 S.Ct. 1454, 1471 (1991); Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion); Parks v. Reynolds, 958 F.2d 989, 995 (10th Cir.), cert. denied, 112 S.Ct. 7310 (1992). Mr. Truitt has not asserted that he is factually innocent, and he therefore cannot meet the "ends of justice" standard. His petition was properly dismissed as successive.
 
 
 8
 We AFFIRM the district court's order dismissing Mr. Truitt's petition for a writ of habeas corpus.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court determined that (1) Mr. Truitt was procedurally barred from attacking his conviction, and that (2) his claims would be denied on the merits