9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Ray WEAVER, Plaintiff-Appellant,
v.
Larry FIELDS, Attorney General of the State of Oklahoma,
Defendants-Appellees.
 No. 92-6392.
 United States Court of Appeals, Tenth Circuit.
 Nov. 12, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Thomas Ray Weaver appeals from an order of the district court dismissing without prejudice his petition for habeas relief filed pursuant to 28 U.S.C. 2254. Although petitioner's opening brief was submitted by counsel, he is now proceeding pro se. We grant a certificate of probable cause. We exercise jurisdiction under 28 U.S.C. 2253 and 1291, and affirm.
 
 
 4
 Petitioner challenged two 1984 convictions. He argued that because previous convictions relied upon to enhance the 1984 sentences were overturned as unconstitutional, the 1984 convictions were also constitutionally infirm. He conceded he was no longer in custody for the 1984 convictions, however, and the district court correctly concluded that he was therefore not entitled to directly challenge them in a habeas action. See Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.) (citing Maleng v. Cook, 490 U.S. 488 (1989)(per curiam)), cert. denied, 111 S.Ct. 212 (1990). The district court correctly determined that the petition may properly be construed as a challenge to the use of the 1984 convictions to enhance the sentence petitioner is currently serving following convictions in 1988. See id.
 
 
 5
 Because petitioner's direct appeal from the 1988 conviction had not been decided at the time he filed his habeas petition, the district court correctly dismissed the petition for failure to exhaust state remedies.
 
 
 6
 Even if petitioner had exhausted state remedies, however, his argument must fail. Assuming there was any error concerning his 1984 convictions as a result of his voided previous convictions, it was that the sentences were improperly enhanced, not that petitioner was erroneously convicted. However, it is the fact of the 1984 convictions, not the sentences imposed, that was used to enhance his 1988 sentence. Thus, petitioner's argument would be unavailing in any event.
 
 
 7
 Petitioner's objection to appellee's brief is without merit. To the extent petitioner moves this court to strike appellee's brief, the motion is denied.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3