56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thurlman E. ROBERTS, Petitioner-Appellant,
v.
Michael CARR; Attorney General of the State of Oklahoma,
Respondent-Appellee.
 No. 94-7138.
D.C. No. CV-93-457.
 United States Court of Appeals, Tenth Circuit.
 May 30, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Thurlman E. Roberts (Roberts), appearing pro se, an inmate of the Jess Dunn Correction Center, Taft, Oklahoma, appeals from the district court's order denying his 28 U.S.C. 2254 petition for a writ of habeas corpus.
 
 
 3
 Roberts is presently incarcerated following a March 7, 1991, plea of guilty to the charge of Bail Jumping, After Former Conviction of Two or More Felonies, pursuant to a plea agreement. He was sentenced to a term of imprisonment of twenty-five (25) years.
 
 
 4
 Following his conviction, Roberts thereafter exhausted all available state remedies in his attempt to attack his February 8, 1972, conviction which was entered in the District Court for Muskogee County, Oklahoma, where he pled guilty to the commission of the crime of grand larceny. Roberts was sentenced to a term not to exceed five (5) years, which was reduced to a suspended three (3) year sentence. Roberts did not take a direct appeal from this conviction. The Oklahoma Court of Criminal Appeals held that Roberts had not presented sufficient reasons for his failure to take a timely direct appeal. The 1972 conviction was one of two prior felony convictions used to enhance his present sentence.
 
 
 5
 The federal district court found that Roberts had failed to show actual cause and prejudice for his procedural default, i.e., his failure to take a direct appeal from his 1972 conviction. Furthermore, the court found that Roberts had failed to demonstrate that the dismissal of his claim on procedural default grounds would result in a fundamental miscarriage of justice.
 
 
 6
 On appeal, Roberts argues (1) that his present sentence has been illegally enhanced due to an invalid guilty plea because he was never asked by the sentencing court to give a factual basis for his plea, (2) he was denied due process and equal protection of the law when the trial court failed to advise him of various rights before accepting his guilty plea, and (3) his only recourse was to challenge his 1972 prior conviction by application for post-conviction relief in reliance upon United States v. Tucker, 404 U.S. 443 (1972), and Gamble v. Parsons, 898 F.2d 117 (10th Cir.), cert. denied, 498 U.S. 879 (1990). Tucker is not applicable here. The prior convictions relied upon for sentencing there were unequivocally held to be unconstitutional because the defendant was not represented by counsel and he did not waive such representation. See Gideon v. Wainwright, 372 U.S. 335 (1963). Gamble simply recognized that a petitioner such as Roberts may attack his present sentence if it has been enhanced by a prior, unconstitutional conviction. 898 F.2d at 118. In the instant case, however, the doctrine of procedural default prohibits the federal courts from considering the habeas claims.
 
 
 7
 We affirm substantially for the reason set forth in the district court's Order of September 20, 1994, denying Roberts' application for a writ of habeas corpus.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470