61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald Cooper SPYBUCK, Jr., Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6131.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on appellant's application for a certificate of probable cause.
 
 
 3
 The district court dismissed the appellant's petition for a writ of habeas corpus on the ground that the appellant failed to satisfy the "in custody" jurisdictional requirement of 28 U.S.C. 2241(c)(3) and 2254(a). See Maleng v. Cook, 490 U.S. 488 (1989); Gamble v. Parsons, 898 F.2d 117, 117-18 (10th Cir.1990). The appellant argued below and, among other things, asserts here that the collateral consequences doctrine satisfies the "in custody" requirement.
 
 
 4
 We have reviewed the record and the helpful briefs of the parties, and, for the reasons stated in the magistrate judge's Findings and Recommendation dated February 13, 1995, subsequently adopted by the district court, conclude that the district court did not err.
 
 
 5
 The appellant has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. 2253. See Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 It is, therefore, ordered as follows:
 
 6
 1. Appellant's application for a certificate of probable cause is DENIED;
 
 2. The appeal is DISMISSED; and
 
 7
 3. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470