**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY E. LUCKY,

        Petitioner-Appellant,

v.

KAREN MEDICK; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA; THE ATTORNEY
GENERAL OF THE STATE OF TEXAS,

        Respondents-Appellees.

Case Nos. 97-6055, 97-6073

(D.C. CIV-96-499-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this 28 U.S.C. § 2254 action, pro se plaintiff-appellant Bobby Eugene Lucky seeks to challenge the district court's denial of a certificate of appealability. We affirm the denial of the certificate because Mr. Lucky failed to object to the magistrate judge's proposed findings and recommendations and, even if Mr. Lucky had objected, he is not in custody for the purpose of challenging his 1975 conviction and has not exhausted his state court remedies for the purpose of challenging the sentence for his 1995 conviction as enhanced by his 1975 conviction.

First, Mr. Lucky has waived his right to appeal the district court's denial of the certificate. The magistrate judge below set forth findings and recommendations, and, in those recommendations, the magistrate judge warned Mr. Lucky that failure to make a timely objection to the recommendations would waive his right to appeal. See Rec. doc. 5 at 3. When the magistrate judge informs the pro se litigant of the consequences of failing to object to the magistrate judge's finding and recommendations, this court has adopted a firm waiver rule. See Fero v. Kerby, 39 F.3d 1462, 1477 (10th Cir. 1994); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Although Mr. Lucky claims that he objected to the magistrate judge's findings and mailed his objection to the office of the district court in a timely manner, see Rec. doc. 12, we could find no record of an objection, and Mr. Lucky ignored this court's order to address this matter in his appellant's brief. See Notice of Defect, Mar. 14, 1997.

2

Furthermore, had Mr. Lucky objected properly to the magistrate's proposed recommendations, he would still fail because (1) he is not "in custody" for the purposes of challenging his 1975 conviction and (2) he has not exhausted state remedies as a necessary prerequisite to challenging the sentence for his 1995 conviction. While the magistrate judge determined that Mr. Lucky was only challenging his 1975 conviction, see Rec. doc. 5 at 3 n.2, we construe his petition liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and find a challenge to his sentence under his 1995 conviction. See Rec. doc. 3 at 8 ("But at the same time the state use [sic] the [1975] conviction to enhance my sentence to Life [sic] May 1st. 1995."). Thus, while we agree with the district court that Mr. Lucky is not "in custody" for the purposes of a direct attack on his 1975 conviction, the sentence for which has long since expired, see Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam), he is "in custody" under and would be able to challenge the sentence imposed upon him in the 1995 conviction as enhanced by his allegedly unconstitutional 1975 conviction. See Gamble v. Parsons, 898 F.2d 117, 117-18 (10th Cir. 1990). However, as the magistrate judge noted, see Rec. doc. 5 at 3 n.2, Mr. Lucky states in his petition that he has a direct appeal pending on his 1995 conviction. See Rec. doc. 3 at 12. Because he has not exhausted all state remedies in challenging his 1995 conviction, we deny a certificate of appealability on that conviction as well. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

As Mr. Lucky has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c), we deny his application for a certificate of appealability and dismiss the appeal.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge