**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD HARDIMAN,

      Plaintiff-Appellant,

v.

LARRY FIELDS; OKLAHOMA
PARDON AND PAROLE BOARD,

      Defendants-Appellees.

No. 99-6091
(D.C. No. CIV-97-1105-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Plaintiff-Appellant Richard Hardiman ("Hardiman"), a state prisoner

appearing pro se, appeals from the district court's entry of judgment in favor of

the Defendants-Appellees in this civil suit filed pursuant to 42 U.S.C. § 1983.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Hardiman filed an action seeking damages pursuant to § 1983 in the United States District Court for the Western District of Oklahoma against Defendants-Appellees Oklahoma Department of Corrections ("DOC"), former DOC director Larry Fields ("Fields"), current DOC director James Saffle ("Saffle"), and the Oklahoma Pardon and Parole Board (the "Board," with the DOC, Fields, Saffle and the Board referred to collectively as "Defendants"). (See Report and Recommendation of Magistrate at 1.) Hardiman alleged that he had been incarcerated beyond his legal release date in violation of the Eight and Fourteenth Amendments of the Constitution. (See id.) Specifically, Hardiman claimed that his work credits were improperly calculated and that this resulted in 300 days of confinement beyond his actual termination date. (See Complaint at 2.) Hardiman appeals the order of the district court granting Defendants' Motion to Dismiss/Motion for Summary Judgment on Hardiman's § 1983 claim. Hardiman also contends that the district court improperly denied his Motion for Appointment of Counsel and failed to address his requests for discovery and a jury trial.

## DISCUSSION

A. Dismissal/Summary Judgment

Our standard of review of the district court's grant of summary judgment is de novo. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir.

- 2 -

1999).  Similarly, we review de novo a district court's dismissal of a cause of action for failure to state a claim upon which relief can be granted.  See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

On Defendants' Motion to Dismiss/Motion for Summary Judgment, the magistrate judge made a number of findings.  With respect to Hardiman's claim that his Fourteenth Amendment due process rights had been violated, the magistrate judge found that Hardiman failed to show that his work credits were improperly calculated.  The magistrate judge concluded that, without evidence that conduct of Fields or Saffle violated his due process rights, Fields and Saffle were entitled summary judgment based on the defense of qualified immunity.  (See Magistrate Report at 4-7.)  In addressing Hardiman's Eighth Amendment claim, the magistrate judge observed that Hardiman had not stated a cognizable claim because he did not allege that Saffle or Fields acted with deliberate indifference to Hardiman's serious medical, physical, or safety needs.  (See Magistrate Report at 8.)  The magistrate judge also concluded that Fields and Saffle were entitled to summary judgment on Hardiman's Fourteenth and Eighth Amendment claims because he did not show that either Fields or Saffle personally participated in either of the alleged constitutional deprivations.  (See Magistrate Report at 3, 8.)  The magistrate judge further found that the claims against the DOC, the Board,

- 3 -

and Saffle,[1] to the extent Saffle was sued in his official capacity, should be dismissed based on their Eleventh Amendment immunity. (See Magistrate Report at 9.) Finally, the magistrate judge concluded that Wayne White ("White"), the District IV Pardon and Parole Supervisor, who had been served with process but was not mentioned in the complaint, should be dismissed because the plaintiff alleged no personal participation by White. (See Magistrate Report at 3,9.)

Hardiman filed an objection to the magistrate judge's recommendations, arguing that his work credits were miscalculated, that Fields and Saffle were not immune from suit, and that he had sufficiently alleged an Eighth Amendment claim. (See Plaintiff's Objection to Magistrate's Report.) After conducting de novo review of Hardiman's claims, the district court: (1) adopted the recommendations of the magistrate judge; (2) granted summary judgment for Field and Saffle on the grounds of qualified immunity and lack of personal participation; (3) granted the motion to dismiss for the DOC and Saffle (in his official capacity) on the basis of Eleventh Amendment immunity; (4) dismissed the Board under 28 U.S.C. § 1915A on the basis of Eleventh Amendment immunity; and (5) dismissed

---

[1]Although Fields, as the former Director of DOC, had been sued in his official capacity, the district court substituted Saffle as a party defendant for Fields pursuant to Fed. R. Civ. P. 25(d)(1) by Order of July 10, 1997. (See Magistrate Report at 3.) Hardiman does not appeal this Order.

White as a party under § 1915A for failure of the plaintiff to allege any personal participation. (See Order of February 3, 1999.)

We have carefully reviewed the briefs and the record on appeal. We affirm for substantially the same reasons as those set forth in the magistrate judge's thorough and well-supported December 14, 1998 Supplemental Report and Recommendation, as adopted by the district court in its February 3, 1999 Order.[2]

B. Motion for Appointment of Counsel

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995). The district court may appoint counsel for an indigent plaintiff if, under the totality of

---

[2]Hardiman is currently in prison, serving a sentence that is separate and distinct from the sentence at issue in this case. Hardiman's complaint and brief on appeal suggest that he brought this § 1983 action challenging his initial confinement in an effort to reduce the sentence he is currently serving. To the extent that Hardiman is making such a claim, Hardiman cannot receive relief in federal court under § 1983. The United States Supreme Court has held that a writ of habeas corpus is the sole federal remedy available to a state prisoner challenging his physical imprisonment if the relief he seeks is immediate or speedier release from that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. E.2d 439 (1973). Moreover, this court has held that a petitioner may bring a federal habeas action pursuant to 28 U.S.C. § 2254 to challenge his present sentence to the extent it has been enhanced by an allegedly invalid prior conviction. See Gamble v. Parsons, 898 F.2d 117, 118-19 (10th Cir. 1990). This court wishes to observe, however, that if we could have reached the question concerning the validity of Hardiman's present sentence as it relates to his earlier confinement, we would have found that it was also without merit for the reasons stated above.

the circumstances, the denial of counsel would result in a fundamentally unfair proceeding, see McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir.1985), considering the merits of the claims, the nature of the factual issues, the litigant's ability to present the claims, and the complexity of the legal issues, see Rucks, 57 F.3d at 979. We find that the district court did not abuse its discretion in denying Hardiman's motion for appointment of counsel. His claims are without merit and, therefore, the proceeding was not fundamentally unfair absent appointment of counsel.

C. Requests for Jury Trial and Discovery

Hardiman argues that the district court failed to consider his motion for discovery. The record indicates that Hardiman made reference to the fact that discovery would assist him in making his case, but made no formal discovery motion. (See Plaintiff's Objection to Motion to Dismiss at 8.) Even if we were to find that Hardiman made such a motion, any error on the part of the district court in failing to consider Hardiman's request for discovery would not warrant remand for consideration of the issue by the district court. This court has observed that the defense of "qualified immunity [in a § 1983 action] entails a right to have suits dismissed at 'the earliest possible stage of the litigation,' sparing officials not only from liability but also from discovery and trial." Franklin Sav. Corp. v. United

States, 180 F.3d 1124, 1138 (10th Cir. 1999) (quoting Anderson v. Creighton, 483 U.S. 635, 646 n.6, 107 S. Ct. 3034, 97 L. Ed.2d 523 (1987)). Because summary judgment against Hardiman was appropriate in this case, we conclude that Hardiman was not entitled to discovery, and that no error flowed from the district court's failure to consider Hardiman's discovery request.

Finally, we find that Hardiman had no right to present his claims to a jury based on our decision to affirm the district court's grant of summary judgment.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge