**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL M. HAMPTON,

      Petitioner-Appellant,

v.

ARISTEDES ZAVARAS, Executive
Director of Colorado Department of
Corrections,

      Respondent-Appellee.

No. 00-1067
(District of Colorado)
(D.C. No. 98-WM-949)

**ORDER AND JUDGMENT***

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The court therefore orders the case submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Russell M. Hampton seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.[1] *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). We agree with the district court that Hampton's petition is time-barred and, therefore, decline to issue a COA.

In 1979, Hampton was convicted of robbery and sentenced to an eight-year term of incarceration. Hampton's conviction was affirmed by this court. *See United States v. Hampton*, 633 F.2d 927 (10th Cir. 1980). Hampton has completed the sentence imposed for the robbery conviction. In 1984, Hampton was charged in Colorado state court with one count of sexual assault in the first degree; he was also charged with being a habitual criminal. *See* Colo. Rev. Stat. § 16-13-101. Hampton was convicted and sentenced to thirty years' imprisonment. Hampton is currently incarcerated on the 1984 Colorado state conviction.

Hampton filed the instant § 2254 habeas petition with the United States District Court for the District of Colorado on April 29, 1998.[2] In the petition,

_____

[1]Although Hampton has not filed an application for a COA with this court, Hampton's notice of appeal constitutes a request for a COA. *See* Fed. R. Civ. P. 22(b)(2).

[2]Hampton originally filed his § 2254 petition on April 29, 1998. Although that petition was dismissed by the district court on June 1, 1998, Hampton was

Hampton raised two challenges to the constitutionality of his 1979 federal robbery conviction. He then claimed the allegedly unconstitutional 1979 federal conviction was used to enhance the sentence he received for the 1984 Colorado state sexual assault conviction.

Hampton's habeas petition was referred to a United States magistrate judge who recommended that the petition be dismissed as untimely. The magistrate construed Hampton's petition as a challenge to his current term of state incarceration and noted that Hampton's 1984 Colorado state conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and, therefore, Hampton had until April 23, 1997 to file a § 2254 petition. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (holding that a state prisoner has one year from the effective date of the AEDPA to file a § 2254 habeas petition but that the one-year period is tolled by any time spent pursuing post-conviction relief in state court). Hampton's petition was filed well after the April 23rd deadline.

Hampton filed a timely objection to the magistrate's recommendation which the district court considered. The district court, however, rejected Hampton's claims that the § 2254 petition is a continuation of issues he presented

---

allowed to file an amended petition and the district court's order dismissing his initial petition was vacated.

in an Application of Issuance of a Common Law Writ of Coram Nobis filed on May 7, 1987 and his argument that the one-year period should be equitably tolled. The district court dismissed Hampton's habeas petition and refused to grant him a COA.

In this appeal Hampton continues to maintain that his § 2254 petition is a challenge to his allegedly unconstitutional 1979 federal conviction. Challenges to federal convictions, however, must be brought pursuant to 28 U.S.C. § 2255, not § 2254. *Compare* 28 U.S.C. § 2255, *with* 28 U.S.C. § 2254. Hampton's petition, however, cannot be construed as a § 2255 petition for two reasons. Hampton's § 2255 petition would be untimely for the same reasons the district court concluded that his § 2254 petition is untimely. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997) ("[P]risoners whose convictions become final on or before April 24, 1996, must file their § 2255 motions before April 24, 1997."). Additionally, Hampton cannot satisfy the "in custody" requirement of 28 U.S.C. § 2255 because he has fully completed his federal sentence. Although Hampton claims the 1979 federal conviction has been used to enhance the state sentence he is currently serving, a petitioner currently serving a sentence that has been enhanced by an expired sentence must attack the expired sentence in a habeas petition challenging the *current* term of incarceration. *See Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990).

Thus, Hampton's only avenue to challenge his 1979 federal conviction is a §

2254 petition. However, as the district court properly concluded, Hampton's §

2254 petition is untimely.

Hampton is not entitled to receive a COA unless he can make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Hampton can make such a showing by demonstrating the issues

raised are debatable among jurists, a court could resolve the issues differently, or

that the questions presented deserve further proceedings. *See Slack v. McDaniel*,

120 S. Ct. 1595, 1603-04 (2000).

Upon review of Hampton's appellate brief and *de novo* review of the

magistrate's recommendation, the district court's order, and the entire record on

appeal, this court concludes that the district court's ultimate conclusion that

Hampton's petition is time barred is not reasonably debatable, subject to a

different resolution on appeal, or deserving of further proceedings. Consequently, Hampton has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and he is not entitled to a COA. Accordingly, we **deny** Hampton's application for a COA and **dismiss** his appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge