**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT PRENTICE HOLLIS,

     Petitioner-Appellant,

v.

JESSE T. SUTTER, JR., and DREW
EDMONDSON,

     Respondents-Appellees.

No. 05-6162

(D.C. No. CIV-04-1686-W)
(W.D.Okla.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Robert Prentice Hollis, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability ("COA") in order to challenge the district court's denial of his

habeas petition pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (providing

that no appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). For the reasons below, we deny his request for a COA,

and dismiss the matter.

I.

In 2003, Hollis was convicted in Oklahoma state court of second degree burglary,

after former conviction of two or more felonies. Under Oklahoma law, the jury was

responsible for the sentencing decision. At the sentencing phase, the jury assessed Hollis's punishment based, at least in part, on four prior felony convictions: knowingly concealing stolen property, Case No. CF-93-1833; second degree burglary, Case No. CF-93-7112; unauthorized use of a vehicle, Case No. CF-95-7510; and larceny of merchandise, Case No. CF-96-7471.[1] The district court, in accordance with the jury's recommendation, sentenced Hollis to fourteen years of imprisonment.

The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Hollis's conviction and sentence on March 30, 2004. Thereafter, Hollis filed a motion for post-conviction relief, arguing that (1) the prosecutor, in closing arguments, made an improper reference to the parole system by mentioning the two twenty-year sentences he received in December 1996; and (2) his appellate attorney provided ineffective assistance of counsel. The state district court denied the motion, and the OCCA affirmed that decision on September 16, 2004.

Hollis now maintains that his fourteen year sentence was unlawfully enhanced based on his prior conviction in Case No. CF-95-7510. See Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir. 1990) (holding that a state habeas petitioner "may argue that his present sentence is improper because it has been enhanced by a prior, unconstitutional conviction"). We therefore recount the procedural history in that case.

_____

[1] Hollis testified at the sentencing phase that he did not appeal any of the four prior felony convictions.

2

In April 1996, Hollis, pursuant to a plea agreement, entered a plea of guilty in Case No. CF-95-7510 for the unauthorized use of a motor vehicle, after former conviction of a felony.[2]  Consistent with the terms of the plea agreement, he was sentenced to twenty years incarceration to be served as one-hundred nights in county jail.  On December 12, 1996, after failing to complete his nighttime incarceration, Hollis was resentenced to twenty years imprisonment in Case No. CF-95-7510, to run concurrently with his twenty year sentence for larceny of merchandise in Case. No. 96-7471.

Hollis did not attempt to perfect a direct appeal in Case No. CF-95-7510.  He filed a pro se application for post-conviction relief on October 22, 2003, asserting that his sentence was excessive, his guilty plea was not knowing and voluntary, and that he received ineffective assistance of counsel.  The state district court denied relief, and the OCCA declined jurisdiction to hear the appeal on January 20, 2004 because the appeal was untimely.

On June 10, 2004, Hollis filed a pro se "motion for order nunc pro tunc or amended judgment and sentence," maintaining that his sentence in Case. No. CF-95-7510 was excessive as a matter of law.  The state district court denied the motion.  Hollis appealed and on September 9, 2004, the OCCA held that Hollis waived his argument because of his failure to present a valid reason why his claim of excessive sentence could

_____

[2] As part of the negotiated agreement, the state dismissed one of Hollis's former felony convictions from the information and did not revoke his suspended sentences in Case Nos. CF-93-1833 and CF-93-7112.

not have been raised on direct appeal.

## II.

Hollis's habeas petition raises three issues. First, Hollis argues that his due process and equal protection rights were violated when his unconstitutional conviction in Case No. CF-95-7510 was submitted to the jury, thereby influencing his sentence in the present case. Specifically, Hollis asserts that his appointed trial counsel in Case No. CF-95-7510 altered certain sentencing documents to change his sentence from ten years to twenty years. He also claims that Okla. Stat. tit. 22 § 991-a2 (1991),[3] which governs Oklahoma's nighttime incarceration program, was unconstitutionally "mixed and/or combined" with Okla. Stat. tit. 21 § 51(B) (1991), a sentence enhancement statute for habitual felons, to determine his sentence in Case No. CF-95-7510. Second, Hollis maintains that his court appointed trial counsel in Case No. CF-95-7510 provided ineffective assistance of counsel when she knowingly and deliberately altered sentencing documents in Case No. CF-95-7510. Finally, Hollis contends that his appellate counsel in the present case provided ineffective assistance of counsel when she refused to raise the alteration of documents issue and abandoned his appeal by not filing a reply to the government's response brief.

To be entitled to a COA, Hollis must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by

---

[3] The Oklahoma Legislature amended this statute, effective July 1, 1999.

4

establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Hollis has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Hollis is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." Id. (quotations omitted).

This court has reviewed Hollis's application for a COA and appellate brief, the district court's order, the magistrate judge's report and recommendation, the orders issued by the Oklahoma state courts, and the entire record of appeal pursuant to the framework set out by the Supreme Court in Miller-El. We conclude that Hollis is not entitled to a COA.

Despite some apparent procedural bar issues, in the interest of judicial economy, we find that Hollis's case is "more easily and succinctly affirmed on the merits." Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000) (citations omitted). First, Hollis fails to present clear and convincing evidence that his actual sentence in Case No. CF-95-7510 was ten years instead of twenty, or that his trial counsel intentionally altered court documents to increase his sentence by ten years. The Oklahoma state and appellate court

records confirm that in December 1996, the trial judge sentenced Hollis to twenty years. See 28 U.S.C. § 2254(e)(1) (providing a presumption that a state court's factual determination is correct and that a habeas petitioner must rebut this presumption with clear and convincing evidence). Moreover, because this issue lacks merit, Hollis's ineffective assistance of counsel claims related to this altered document allegation also fail.

Next, Hollis's contention that his twenty year sentence in Case No. 95-7510 is excessive does not entitle him to a COA. Okla. Stat. tit. 21, § 51(B) (1991) provides: "Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment . . . for a term of not less than twenty (20) years."[4] Hollis's claim that his sentence under this statute is excessive is not subject to federal habeas review. See Turner v. Kaiser, No. 98-6297, 1999 WL 149770, at *1 (10th Cir. Mar. 19, 1999) (citations omitted) ("Issues of enhancement are matters of state law and are not cognizeable in a federal habeas proceeding.").

Lastly, Hollis has not demonstrated that his appellate counsel's failure to file a reply brief in his direct appeal was constitutionally deficient or prejudicial under

---

[4] The Oklahoma Legislature repealed Okla. Stat. tit. 21, § 51(B) effective July 1, 1999, and replaced it with Okla. Stat. tit. 21, § 51.1. The new statute contains provisions substantially similar to the provisions Hollis was resentenced under.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

Hollis's claims are not reasonably subject to debate, nor are they adequate to deserve further proceedings.  Hollis has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

Accordingly, we DENY Hollis's request for a COA and DISMISS this matter. We also GRANT Hollis's motion to proceed in forma pauperis, GRANT his motion to supplement the record, and DENY his motion for amended or additional findings of fact.

Entered for the Court


Mary Beck Briscoe
Circuit Judge