UNITED STATES COURT OF APPEALS

**Filed 5/2/96**

TENTH CIRCUIT

ROBERT EARL HEATH,

      Petitioner-Appellant,

v.

R. MICHAEL CODY,

      Respondent-Appellee,

No. 96-6007
(W.D. Oklahoma)
(D.C. No. CIV-94-545-T)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of the

appeal. *See* Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

Robert Earl Heath appeals from the district court order which adopted the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

magistrate judge's "Report and Recommendation" in dismissing Heath's 28 U.S.C. § 2254 petition for a writ of habeas corpus.

On March 14, 1988, Heath was convicted in the District Court of Garfield County, Oklahoma, of first degree rape, forcible sodomy, and second degree burglary. He was sentenced to terms of imprisonment of 150, 99, and 99 years respectively, with the sentences ordered to run consecutively. The sentences were enhanced because Heath had previously been convicted of a felony.

As his grounds for habeas relief, Heath contends that:

1. He was denied due process and equal protection because good time credits were not applied to his sentence in case no. 33,968, the prior felony that was used to enhance his sentence in the present case. According to Heath, if the credits had been properly applied, the prior sentence would have been completed more than ten years before his present conviction and, thus, the prior conviction could not have been used for enhancement purposes under Oklahoma law.

2. He was denied due process during parole revocation hearings for case no. 33,968. According to Heath, had his parole in 33, 968 not been improperly revoked, the sentence in that case would have been completed more than ten years before his present conviction and, therefore, could not have been used for sentence enhancement purposes.

3. He was denied a full and fair opportunity to litigate his Fourth Amendment claims.

2

4. He was denied effective assistance of counsel at trial and on appeal.

5. He was convicted in violation of the Sixth and Fourteenth Amendments because he was required to wear prison clothing at his preliminary hearing and the voice identification procedures utilized at the preliminary hearing tainted his in-court identification.

6. He was denied due process and equal protection because an expert witness on the subject of hair samples improperly testified on matters beyond the present state of the art of forensic science and beyond the witness' personal knowledge and improperly assigned mathematical and statistical probabilities.

7. He was denied a direct appeal of his conviction in case no. 33,968, the prior felony that was used to enhance his present sentence.

In his Report and Recommendation, the magistrate judge noted that Heath had not raised issues 1 through 3 and 7 on direct appeal and that those claims were therefore procedurally barred under *Coleman v. Thompson*, 501 U.S. 722 (1991), unless Heath could demonstrate "cause" and "prejudice." The magistrate judge went on to note, however, that Heath had asserted that he was denied effective assistance of counsel at trial and on appeal. In evaluating that ground for relief, the magistrate stated that he would also effectively determine whether counsel's performance was sufficiently deficient to constitute "cause" for Heath's failure to raise grounds 1 through 3 and 7 on direct appeal. The magistrate judge ultimately concluded that neither trial nor appellate

3

counsel had performed deficiently (resolving claim number 4) and that no cause existed to overcome the procedural bar. Therefore, Heath was procedurally barred from asserting claims 1 through 3 and 7 as grounds for habeas relief. As to the final two grounds for relief asserted by Heath, the magistrate judge concluded that Heath had not demonstrated that he was denied his rights under the Sixth and Fourteenth Amendments as a result of the voice identification at the preliminary hearing, the testimony of the expert witness,or the fact that he was required to wear orange jail overalls at his preliminary hearing.

On appeal, [1] we conduct a *de novo* review of the record to determine whether the district court erred in denying a petition for a writ of habeas corpus based upon the contention of ineffective assistance of counsel, which is a mixed question of fact and law. *Strickland v. Washington*, 466 U.S. 668, 695 (1984). In order to prevail on a claim of ineffective assistance of counsel, Heath must show (1) the performance of his attorney was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Id.* at 687, and (2) without such deficiencies the result of the case would have been favorable to Heath. *Id.* at 694.

We agree with the magistrate judge that Heath has not demonstrated that either his trial counsel or his appellate counsel was deficient. Furthermore, even assuming that his counsel was deficient, Heath has not demonstrated that the result of his trial or appeal would have been favorable absent the deficient performance. Accordingly, we conclude

---

The district court denied Heath a certificate of probable cause on appeal. We grant issuance of the certificate solely for the purpose of reaching the merits of the case.

that the magistrate judge was correct when it concluded that Heath's counsel had not performed deficiently and that, therefore, Heath had not demonstrated cause for his failure to raise issues 1 through 3 and 7 on direct appeal. Those issues are procedurally barred under *Coleman*.

As to the other claims raised by Heath, we affirm for substantially the reasons set forth in the magistrate judge's Report and Recommendation of January 31, 1995, and the district court's final Order of December 14, 1995.

The judgement of the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge