**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT EARL HEATH,

    Petitioner-Appellant,

v.

STEVE HARGETT,

    Respondent-Appellee.

No. 97-6267
(D.C. No. 97-CV-30)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Robert Earl Heath, a state prisoner appearing *pro se*, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's order dismissing his petition for writ of habeas corpus, and the district court's subsequent denial of his application for a certificate of appealability. We deny Mr. Heath's request for a certificate of appealability and dismiss the appeal.

On January 9, 1997, pursuant to 28 U.S.C. § 2254, Mr. Heath filed a petition challenging his fully expired conviction in case No. CRF-71-2657. Under case No. CRF-71-2657, a judgment entered March 13, 1972, Mr. Heath was sentenced to a ten-year term of imprisonment after pleading guilty to second degree burglary after former conviction of a felony. Though it is now expired, Mr. Heath contends his sentence in No. CRF-71-2657 was used to "bootstrap" and "revitalize" his conviction for robbery with a dangerous weapon in case No. 33,968, entered March 8, 1968. His conviction in case No. 33,968 was then used as a predicate felony to enhance the sentence he is currently serving in case No. CRF-86-451. [1] Hence, according to Mr. Heath, the enhanced sentence he is currently serving flows from the conviction in CRF-71-2657.

---

[1] Under case No. CRF-86-451, Mr. Heath was convicted of rape in the first degree, forcible sodomy, and burglary in the second degree. He was sentenced to terms of imprisonment of 150, 99, and 99 years respectively, with the sentences ordered to run consecutively. The sentences were enhanced because Mr. Heath previously had been convicted of a felony.

After a thorough review of the record, the magistrate judge concluded Mr. Heath was not "in custody" under CRF-71-2657 for purposes of meeting the jurisdictional requirements of § 2254, and recommended his petition be dismissed. Having conducted a *de novo* review of the record, including Mr. Heath's objections to the magistrate judge's findings and proposed disposition, the district court adopted the magistrate judge's report and dismissed the petition for writ of habeas corpus on jurisdictional grounds. [2] Mr. Heath then applied for and was denied a certificate of appealability.

For the district court to have jurisdiction over a § 2254 petition, the petitioner must be "in custody" under the conviction he is challenging when the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *see also* 28 U.S.C. §§ 2241(c)(3) and 2254(a). A prisoner is precluded from challenging an expired conviction in isolation. *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir.) (interpreting *Maleng*), *cert. denied,* 498 U.S. 879 (1990). In order to invoke the jurisdiction of the federal district court to review an expired conviction, a petitioner must show that his "present incarceration is based in part

---

[2] The Respondent in this action had filed a motion to dismiss for failing to move for an order by the court of appeals authorizing the district court to consider a successive habeas application. Pursuant to the magistrate judge's report, the district court denied the Respondent's motion to dismiss.

upon an earlier conviction." *Collins v. Hesse*, 957 F.2d 746, 748 (10th Cir. 1992). Even if the essence of the petitioner's attack is on the expired conviction, we may liberally construe a habeas action as challenging the present confinement if it has been enhanced by the expired conviction. *Id*. The petitioner, however, must show that "if he prevails in challenging his prior expired conviction, the sentence that he is currently serving will be reduced." *Id.* Mr. Heath fails to make this required showing.

Mr. Heath's sentences under case No. CRF-86-451, for which he is currently incarcerated, were enhanced under Oklahoma's habitual offender statute. The record indicates those enhancements were linked *only* to Mr. Heath's prior felony conviction in case No. 33,968, not to his conviction in No. CRF-71-2657. Mr. Heath directly challenged his conviction in case No. CRF-86-451 in an earlier habeas proceeding. The district court denied his petition, and this court affirmed that decision. *See Heath v. Cody*, 83 F.3d 432, No. 96-6007, 1996 WL 221304 (10th Cir. May 2, 1996). The availability of case No. 33,968 as the basis for the enhancement of Mr. Heath's sentence in case No. CRF-86-451 was determined in that proceeding. *Id*.

While a petitioner "may argue that his present sentence is improper because

it has been enhanced by a prior, unconstitutional conviction," *Gamble*, 898 F.2d at 118, Mr. Heath goes too far.  Mr. Heath is in custody under case No. CRF-86-451.  Mr. Heath's sentence in that case was enhanced by his prior felony conviction in case No. 33,968.  Mr. Heath does not challenge the constitutionality of that conviction.  Mr. Heath's current sentence was not enhanced by his conviction in case No. CRF-71-2657, the conviction he now attacks.  We find no authority supporting Mr. Heath's attempt to meet the "in custody" requirement by attacking a conviction twice-removed from the one for which he is currently incarcerated.  Consequently, we do not construe his petition as attacking his present sentence.

We agree with the district court's determination that Mr. Heath is not "in custody" and, therefore, it is without jurisdiction to consider his petition.  An appeal cannot be taken to this court in a § 2254 proceeding unless the petitioner has obtained a certificate of appealability by making a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Mr. Heath has failed to make such a showing.

Accordingly, Mr. Heath's request for a certificate of appealability is

**DENIED** . The appeal is **DISMISSED** .


**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge